McMillan, judge.
This appeal arises from the summary dismissal of the appellant’s postconviction petition, which he styled as “petition for writ of habeas corpus.” The appellant, Stanley Washington, was convicted of trafficking in cocaine, unlawful distribution of cocaine, and failure to affix drugs and controlled substance excise tax stamps. He was sentenced as a habitual felon to life imprisonment without the possibility of parole. On November 11,1999, the appellant filed the petition at issue in this appeal in Escambia County where he is incarcerated. In this petition he argued that the trial court did not have jurisdiction to render a judgment and to impose sentence because, he says, it obtained its authority from the “unconstitutional 1901 Constitution of Alabama.” On November 12, 1999, the circuit court dismissed the appellant’s petition for failure to state a claim upon which relief can be granted.
As the State concedes in its brief on appeal, the circuit court did not have jurisdiction to rule on the appellant’s petition. Although the petition was labeled a “petition for writ of habeas corpus,” it was in substance a petition for postconviction relief pursuant to Rule 82, Ala.R.Crim.P. According to Rule 32.4, Ala.R.Crim.P., all postconviction petitions challenging a conviction and/or a sentence shall be treated as Rule 32 petitions. Rule 32 petitions are to be filed in the court in which the petitioner was convicted. See Rule 32.5, Ala. R.Crim.P. Because the appellant was convicted in Jefferson County, this case is due to be remanded to the Escambia Circuit Court with instructions to. transfer the case to the Jefferson Circuit Court. Due retura shall be made to this Court within 42 days from the release of this opinion.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.